# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: ROBERT JOHNSON and  
      REGINA JOHNSON,

No. 7-05-15652 MA

Debtors.

## ORDER DENYING MOTION TO CONVERT CHAPTER 7 CASE UNDER SECTION 706

THIS MATTER is before the Court on the Motion to Convert Chapter 7 Case to Chapter 13 Case Under Section 706 ("Motion to Convert") filed by the Debtors on October 27, 2006 (Docket # 37), by and through their attorneys, Bill Gordon and Associates (Steve Mazer). The Court held a final hearing on the Motion to Convert on October 23, 2007, and took the matter under advisement. Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 11, 2005, and, a little over a year later, converted their case to Chapter 7 in response to the Chapter 13 Trustee's motion to dismiss for failure to make timely plan payments.[1] At issue is whether the Debtors may now reconvert their bankruptcy proceeding to Chapter 13, more than one year after they converted their case to Chapter 7, and nearly a year after they filed the Motion to Convert. This Court finds that they may not.

### DISCUSSION

Debtors seek to reconvert their case to Chapter 13 under 11 U.S.C. § 706(a), which provides:

The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of

---

[1] The Debtors' plan was confirmed on November 29, 2005. *See* Docket # 17. The Chapter 13 Trustee filed a Motion to Dismiss on October 6, 2006 (Docket #30), and the Debtors filed a Notice of Conversion of Case to Chapter 7 Under Section 1307(a) on October 12, 2006 (Docket # 32).

1

this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a).

In interpreting this code section, courts are divided on the issue of whether debtors may reconvert a case to Chapter 13 if the debtors have previously converted their case from Chapter 13 to Chapter 7.[2] This Court agrees with those courts which conclude that reconversion is permitted under 706(a), and that such determination falls within the Court's discretion.[3] The Debtors bear the burden of showing that reconversion is appropriate.[4] In this case, they have not.

Debtors filed the Motion to Convert on October 27, 2006. (*See* Docket # 37). They did not send a notice of deadline to file objections to the Motion to Convert until June 4, 2007. (*See* Docket #43). Instead, Debtors did nothing to bring the Motion to Convert before the Court and

---

[2] *Compare In re Hardin,* 301 B.R. 298, 300 (Bankr.C.D.Ill. 2003) (holding that the court has no discretion to allow reconversion under § 706(a), which "gives debtors a right to convert only if the case has not previously been converted"), and *In re Baker,* 289 B.R. 764, 768 (Bankr.M.D.Ala. 2003) (finding that the clear language of the statute bars reconversion), *and In re Banks,* 252 B.R. 399, 402-403 (Bankr.E.D.Mich. 2000) (holding that § 706(a) bars reconversion of the case, concluding that "'a debtor's right to convert is lost once it has been exercised.'")(quoting *In re Hanna,* 100 B.R. 591, 593 (Bankr.M.D.Fla. 1989)), *with In re Anderson,* 354 B.R. 766, 769 (Bankr.D.S.C. 2006) (adopting "the view that a previous conversion in a case precludes conversion as a matter of right but that a second conversion may be permitted, after notice and a hearing."), *and In re Manouchehri,* 320 B.R. 880, 884 (Bankr.N.D.Ohio 2004)(finding that the court has discretion under § 706(a) to consider whether case may be reconverted), *and In re Johnson,* 116 B.R. 224, 227 (Bankr.D.Idaho 1990)(holding that court has authority to reconvert a case to Chapter 13).

[3] *See Anderson,* 354 B.R. at 769 ("The court has discretion to order a second conversion but should scrutinize the debtor's circumstances . . . . and address each . . . motion on a case by case basis.").

[4] *See Manouchehri,* 320 B.R. at 884 (debtor seeking to reconvert, whose good faith has been questioned, bears the ultimate burden of proof). *See also, Johnson,* 115 B.R. at 227 (finding that debtors "failed to demonstrate the kinds of facts which would persuade the Court to exercise its discretion[ ]" to reconvert the debtors' case to chapter 13.).

2

have remained in Chapter 7 without having to make any plan payments for over a year. Apparently, due to the pending Motion to Convert, the Chapter 7 Trustee took no action in this case. Thus the Debtors' bankruptcy proceeding came to a standstill while, in the meantime, the Debtors failed to comply with the requirements for proceeding under Chapter 7 *or* Chapter 13. This type of delay is prejudicial to creditors and indicates that the Debtors have not proceeded in good faith.[5]

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Convert is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Steve Mazer
Attorney for Debtors
501 Yale SE Ste 204
Albuquerque, NM 87106-4357

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Ave. SW, Suite 350
Albuquerque, NM 87102

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

---

[5] *Cf. Manouchehri,* 320 B.R. at 885-886 (denying debtor's request for reconversion when the facts indicated that the debtor had acted in bad faith during the bankruptcy case by not cooperating with the trustee). *See also, In re Carter,* 84 B.R. 744, 747-748 (D.Kan. 1988) (finding that debtors lost their right to seek conversion to chapter 13 following involuntary conversion from chapter 11 to chapter 7, but noting that, even if the court were to assume that the debtors had a discretionary right to seek conversion under § 706(a), the court has "a strict duty to prevent any use of the Code causing undue delay.")(citing *In re Waldrep*, 20 B.R. 248, 250 (Bankr.W.D.Tex.1982)), and *In re Green,* 169 B.R. 480, 483 (Bankr.D.Ga. 1994) (finding that debtor who seeks to reconvert case to Chapter 13 must file a new plan that may not exceed the time limits remaining under original plan).

3